USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 27 AUG 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE MIHALIK,

                Plaintiff,

– against –

CREDIT AGRICOLE CHEUVREUX
NORTH AMERICA, INC.

                Defendant.

Index No.: 09-CV-01251 (DAB)

**CONFIDENTIALITY AGREEMENT AND ORDER**

      WHEREAS Plaintiff Renee Mihalik ("Mihalik") and Defendant Credit Agricole Cheuvreux North America, Inc. ("Cheuvreux" or "the Company") (collectively "the Parties") are currently engaged in discovery pursuant to the Federal Rules of Civil Procedure; and

      WHEREAS some information contained in documents sought by the Parties is considered to be of a confidential and/or proprietary nature; and

      WHEREAS the purpose of this Confidentiality Agreement and Order is to permit the Parties to disclose such documents to each other pursuant to procedures that are designed to protect the confidentiality of that material;

      IT IS HEREBY AGREED AND ORDERED as follows:

      1. Either Party may designate any non-public document, material or information as "Confidential" under the terms of this Confidentiality Agreement and Order. Confidential information as used herein means any type or classification of document or information, whether it be a document, information contained in a document, electronically memorialized information, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information that a Party believes in good faith contains any personnel, financial, proprietary, medical, confidential or personal information, the disclosure of

which the Party in good faith believes would invade the confidentiality or privacy of any Party or any current or former employee of Defendant. Information designed as Confidential shall (a) be used by the Parties only for the purpose of this action and not for any other purposes whatsoever; and (b) shall not be disclosed, given, shown, discussed, or otherwise communicated or made available to anyone except as provided herein.

2. In accordance with the provisions of paragraph 4 below, Confidential information may be disclosed only to "Qualified Persons" who shall read this Confidentiality Agreement and Order and who shall agree to maintain said information in confidence and not disclose, discuss, or reveal such information to anyone else. Qualified Persons means (a) counsel to the Parties to this proceeding and the paralegal, clerical and secretarial staff employed by such counsel; (b) the Parties (and any corporate successor or affiliate) to the action, which in the case of corporate Parties shall include the officers, directors and employees of such corporate Parties deemed necessary to aid counsel in the defense of the action; (c) witnesses and potential witnesses including expert witnesses (whether or not retained to testify) utilized by counsel in connection with the litigation; (d) court reporters; and (e) the United States District Court for the Southern District of New York and if requested, the U.S. Court of Appeals for the Second Circuit ("the Court") and its staff. The foregoing definition of Qualified Persons is without prejudice to a redefinition of such term by agreement of the Parties at an appropriate future time so as to include additional categories of persons.

3. Any information, whether oral or written, designated Confidential may be disclosed only to Qualified Persons who, prior to such disclosure, shall have read this Confidentiality Agreement and Order and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the Parties may sign this Confidentiality Agreement

and Order on behalf of the Party they represent and those Qualified Persons who are members of or employed by their respective firms, and (ii) Confidential information may be disclosed to those qualified persons described in paragraph 3(e) immediately upon execution of this Confidentiality Agreement without further action on their part. By signing Exhibit A, each Qualified Person agrees that he or she shall be bound by the terms of this Confidentiality Agreement and Order. All endorsed copies of Exhibit A shall be retained by the Party's counsel that requested the Qualified Person's endorsement, and need not be disclosed to the opposing Party or their counsel unless an issue arises in good faith concerning any Qualified Person's compliance with this Confidentiality Agreement and Order.

    4. Each Qualified Person shall maintain all Confidential information disclosed to him or her in confidence, shall not reveal the same to anyone other than another Qualified Person, and shall not use the Confidential information except in connection with the preparation for any pretrial proceeding (including, for example, any and all motions or discovery requests, as well as all papers submitted to the Court) or the trial of this action; except that nothing shall prevent disclosure beyond the terms of this Confidentiality Agreement and Order prior to trial if the producing Party consents in writing to such disclosure, or if such disclosure is accomplished with the approval of the Court.

    5. Unless otherwise agreed in writing in advance by counsel for the producing Party, in the event the receiving Party files with the Court any motion, exhibit or other paper containing or reflecting Confidential information, such page in the motion, exhibit or paper containing the Confidential information shall be filed under seal by hand in accordance with the rules of the Court and bear the following legend:

    THE DOCUMENT IS FILED UNDER SEAL AND IS SUBJECT TO A
    COURT ORDER REGARDING CONFIDENTIAL INFORMATION

A redacted copy of the document shall be filed in the public record. All materials kept under seal shall be available to the court in which they are filed and to counsel for the Parties for viewing and/or copying. A Party that files any motion, exhibit or other paper containing or reflecting Confidential information pursuant to this paragraph shall deliver two courtesy copies to Chambers: one in unredacted form with the term "Unredacted" on the top of the document, together with one copy of the document in redacted form with the term "Redacted" on the top of the document. If a Party contends that a court filing is improperly redacted, the Party shall notify the Court in writing of the basis of its contention. Nothing in this paragraph shall require a Party to deviate from applicable court rules regarding the filing of documents under seal. Nothing in this paragraph shall require a producing Party to file its own court filings containing Confidential information under seal.

6. In the event that a Party objects to the designation of certain information as Confidential, counsel for the Parties shall attempt to resolve such dispute in good faith on an informal basis. If a resolution is not reached, either Party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as Confidential under the terms of this Confidentiality Agreement and Order.

7. A producing Party's inadvertent failure to designate material as Confidential in accordance with the terms of this Confidentiality Agreement and Order will not preclude a later designation that such materials are Confidential provided, however, that if another Party treats such information as non-confidential before being informed that that information should have been designated as Confidential such pre-designation treatment shall not be a violation of this Confidentiality Agreement and Order.

8. The inadvertent production or disclosure of any document, material or

information that a producing Party claims is subject to the attorney-client privilege, attorney-work product privilege, or any other applicable privilege or is confidential or proprietary shall not be deemed a waiver, in whole or in part, of any claim of privilege or confidentiality. The Parties further agree that all such documents or materials inadvertently disclosed (and all copies of such materials) shall be returned by the Party in possession to the producing Party promptly after receipt of a written demand for such return by the non-producing Party, after which the non-producing Party shall not make any use or disclosure of such documents or materials and shall delete all such documents/materials (including all copies thereof) from all electronic databases and the like and shall certify in writing that all copies have been returned or destroyed.

9. Nothing in this Confidentiality Agreement and Order shall prejudice any Party from seeking any modification of this Confidentiality Agreement and Order.

10. At the conclusion of this proceeding, including all appeals, each Party and their counsel shall, upon request return to the other Party's counsel all Confidential information, including all copies thereof. Receipt of such documentary material, if requested shall be acknowledged by each Party's counsel in writing. The Parties may comply with this paragraph by agreeing upon an appropriate method of destruction of such Confidential information.

11. This Confidentiality Agreement and Order shall be binding on all Qualified Persons. It is enforceable by any sanction deemed appropriate by the Court.

12. The terms of this Confidentiality Agreement and Order shall survive and remain in full force and effect after the termination of this Case.

SO ORDERED:

*[signature]*
U.S.D.J.   8/26/09

AGREED:

HOGAN & HARTSON LLP

By: *[signature]*

Barbara M. Roth, Esq. (BR 1982)
Don Ann Hanswirth, Esq. (DH 9728)
Christopher N. Franciose, Esq. (CF 0919)
875 Third Ave.
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
*Attorneys for Defendant*

SCHWARTZ & PERRY, LLP

By: *[signature]*

Matthew Schatz, Esq.
295 Madison Avenue
New York, New York 10017
(212) 889-6565
*Attorneys for Plaintiff*

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE MIHALIK,<br><br>      Plaintiff,<br><br>– against –<br><br>CREDIT AGRICOLE CHEUVREUX<br>NORTH AMERICA, INC.<br><br>      Defendant. | Index No.: 09-CV-01251 (DAB)<br><br>**CONFIDENTIALITY AGREEMENT AND ORDER** |

## EXHIBIT A

### ACKNOWLEDGMENT

  The undersigned hereby acknowledges that he or she has read the Confidentiality Agreement and Order dated August __, 2009, in the action entitled *Renee Mihalike v. Credit Agricole Cheuvreux North America, Inc., Case. No. 09-CV-01251 (DAB)*, understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the U.S. District Court for the Southern District of New York with respect to any controversy arising out of an alleged violation of the Confidentiality Agreement and Order.

_____  _____
Date                    Signature

                           _____
                           Name Printed